PEOPLE, ·PLAINTIFF AND APPELLEE, *v.* TORO, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Adulteration of Milk.

No. 2217.—Decided February 18, 1924.

ADULTERATION OF MILK—RECIDIVISM—PLEADING.—Recidivism is sufficiently charged
in an information for the adulteration of milk which, in so far as pertinent,
alleges as follows: ''The said Luis Toro, who is a second offender under
this act, according to a final judgment of this court of October 13, 1920, on
January 7, 1923, and within the judicial district of Ponce, P. R., unlawfully,
wilfully and purposely sold adulterated cow's milk.''

ID.—EVIDENCE.—A report signed by the officials of the Insular Chemical Labora-
tory containing an analysis of a sample of milk taken from the stall of the
defendant, leaving with him another similar sample, and the conclusion that
the milk was adulterated with water, is admissible in evidence.

The facts are stated in the opinion.

*Messrs. Martínez Nadal* and *Tormes & Colón* for the ap-
pellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

The pertinent part of the information in this action reads
as follows:

''The district attorney charges Luis Toro with a violation of
section 1 of the Act to provide a punishment for adulterating milk,
etc. (Acts of 1910, No. 59, p. 163), a misdemeanor committed as
follows: On January 7, 1923, the said Luis Toro, who is a second
offender under this same statute, according to a final judgment of
this court of October 13, 1920, within the judicial district of Ponce,
P. R., unlawfully, intentionally and wilfully sold adulterated cow's
milk.''

The defendant pleaded not guilty and after trial the court
found him guilty and sentenced him to six months in jail,
without costs for the reason that he was insolvent. Feeling
aggrieved, he appealed from the judgment, assigning in his
brief the following errors:

''1. That the information does not charge the offense of which
he was convicted.

"2. That the court erred in admitting in evidence a certain expert report.

"3. That the court erred in weighing the evidence."

Let us examine the first assignment. The adulteration of milk in this Island is punished in accordance with the provisions of an Act of March 10, 1910 (Compilation of 1911, page 924), and the district courts were given exclusive jurisdiction of the offense. The Legislature found that it was necessary to punish severely persons who for gain sold an adulterated food product which forms a part of the diet of all persons and especially of children, old people and invalids, producing disorders in their health that in some cases cause death. Hence, the Act provides against second offenders as follows:

"*Provided*, that the person found guilty a second time of adulterating, diluting, selling, offering or keeping adulterated milk for sale shall be punished by imprisonment for a term of from six months to one year, and his license shall be revoked."

In our opinion the information charges a second offense with sufficient clearness and precision. A second offense means a repetition of the same offense, and under our present penal system the matter is governed by sections 56 to 61 of the Penal Code treating of "subsequent offenses." The second offense in this case is special and the information charges it by following the language of the statute. The words "second offender," the expressions of the court that rendered the judgment, and the date of the judgment are sufficient information to enable the defendant to prepare his defense.

Moreover, the question is raised for the first time on appeal and in any case the only conclusion that could be reached would be that the second offense had been charged imperfectly, and it is too late for such an imperfection to produce any effect. *People* v. *Quirindongo*, 31 P. R. R. 609.

At the trial Juan Ríos Medina, health inspector, testified

that he took a sample of the milk being sold by the defendant and put it in three bottles which were waxed and sealed, leaving one of them in the possession of the defendant and sending another marked No. 31,884 to the chemical laboratory. Ramón Más corroborated that testimony and Rafael Barreras, assistant chemist of the Department of Health, testified that he received the sample of milk No. 31,884, analyzed it and found it to be adulterated. Then a document was introduced in evidence reading as follows:

"Government of Porto Rico.—Department of Health.—Chemical Laboratory.—San Juan, P. R., April 2, 1923.—Office of the Chemical Laboratory.—Analysis No. 31,884.—Cow's milk.—March 7, 1923.— Sample taken from Luis Toro, Yauco, P. R.—Witness Ramón Más, Yauco, P. R.—Inspector J. Ríos Medina, Yauco, P. R.—Density, 1.0295; fat, 3.1; refraction, 34.5; total solids, 11.23; solids without fat, 8.13; water, 88.77; conclusion: Adulterated (approximately with 10% of water added artificially). (Signed) Rafael Barreras Ribera, Assistant Chemist of the Laboratory.—O. K. (Signed) R. del Valle Sárraga, Director of the Laboratory."

A statement of the foregoing facts is sufficient to justify the conclusion that the court did not err in admitting the document objected to. The milk was sufficiently identified. Besides, a part of the sample remained in the possession of the defendant and if in fact it was not adulterated, the defendant could have so shown by means of another analysis.

As regards the evidence, it was, in our opinion, so clear with reference not only to the sale of the milk by the defendant, but also as to the fact that the defendant had been convicted previously of the same offense, that it is not necessary to waste time in reviewing it.

Everything shows that the judgment appealed from was rendered in conformity with the facts and the law and, therefore, that it should be affirmed, and the sentence will serve the purpose of punishing the offender and as an admonition to all others. The Act of 1910, in aiming to prevent the continued commission of this class of offenses in the number

shown by statistics, prescribes that . "the sentence imposed upon such person for a second offense shall be published in two of the papers having the largest circulation in the Island, and shall also be made known by bills which shall be posted in public places and at the domicile or establishment of the guilty persons."

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.